17-3752
*Nobile v. Watts*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand eighteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges*.

_____

JOSEPH NOBILE,

> *Plaintiff-Appellant*,

> v.                                                                No. 17-3752

MARGOT LOUISE WATTS, AKA M.L. STEDMAN, SIMON & SCHUSTER, INC., DREAMWORKS II DEVELOPMENT COMPANY, LLC, STORYTELLER HOLDING CO., LLC, DBA AMBLIN PARTNERS, ABC, INC.,

> *Defendants-Appellees*,

THE WALT DISNEY COMPANY,

> *Defendant*.

_____

1

For Appellant:                                    DANIEL J. BROOKS, Scarola Zubatov
                                                  Schaffzin PLLC, New York, NY.

For Appellee:                                     ELIZABETH ANNE MCNAMARA (Jeremy
                                                  Chase, *on the brief*), Davis Wright Tremaine
                                                  LLP, New York, NY; DAVID GOLDBERG
                                                  (David Halberstadter, Katten Muchin
                                                  Rosenman LLP, Los Angeles, CA, Jonathan
                                                  J. Faust, Katten Muchin Rosenman LLP,
                                                  New York, NY, *on the brief*), Katten Muchin
                                                  Rosenman LLP, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Plaintiff-Appellant Joseph Nobile appeals from judgments of the district court (Forrest, *J.*) that dismissed his copyright infringement claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and awarded Defendants-Appellees attorney's fees under the Copyright Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court concluded that Nobile's copyright claims failed as a matter of law because his screenplay (the "Screenplay") was not substantially similar to the novel (the "Novel") written by Defendant-Appellee Margot Louise Watts and published by Defendant-Appellee Simon & Schuster, Inc. (collectively, the "Novel Defendants"), and because, as a result, the Screenplay was not substantially similar to the film (the "Film") that was adapted from the Novel by the remaining Defendants-Appellees (the "Film Defendants"). *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) ("In order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that . . . a

2

substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999))). We review a district court's determination of substantial similarity *de novo*. *Id.* at 65–66.

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." *Id.* at 66 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001)). But, where the original work is composed partly of unprotectible content, we apply the "more discerning observer test," under which "substantial similarity must exist between the defendant's allegedly infringing design and the *protectible* elements in the plaintiff's design." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 130 (2d Cir. 2003) (internal quotation marks omitted).

Two limitations on protectability are particularly relevant here. First, under the "idea/expression dichotomy," ideas themselves are unprotectible; thus, "[i]n a copyright action . . . the similarity between two works must concern the expression of ideas, not the ideas themselves." *Gaito Architecture*, 602 F.3d at 67. Second, also unprotectible are scènes à faire, which we have described as "sequences of events which necessarily follow from a common theme," *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976), and "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic," *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980).

On appeal, Nobile argues that the district court erred in deeming the elements shared by the Screenplay and the Novel to be unprotectible ideas or scènes à faire; rather, he asserts, the two works feature numerous examples of similar expressive content, which he sets out in a list of

eighteen similarities (the "Similarities"). We conclude, however, that each of those similarities is unprotectible as either an idea, a scène à faire, or an instance of *de minimis* similarity.

Nobile concedes that the premise of "a childless couple providentially finding a motherless baby in a boat washed up on an island and deciding to keep the baby" is an unprotectible "idea." Appellant's Br. 29. Even with additional elements shared by the two works—that the couple in each has suffered three miscarriages or stillbirths, including one stillbirth right before they find the baby, which allows them to pass off the found baby as the recent stillborn (Similarities 1, 8)—we conclude that this premise is an unprotectible idea. *See, e.g.*, *Reyher*, 533 F.2d at 88–89, 92 (deeming unprotectible a plot in which a child becomes separated from his or her mother; the child describes his or her mother to others as the most beautiful woman in the world; the others find beautiful women in the area but none is the child's mother; and then a homely woman, the child's actual mother, returns and is reunited with the child).

Most of the remaining similarities flow naturally from this unprotectible premise and are therefore scènes à faire. In each work, the couple's grieving responses to the failed pregnancies (Similarities 1, 2, 3) follow from those losses, and the wife's emotional and physical reactions in the wake of the stillbirth (Similarities 4, 5, 10, 11) are predictable effects of that event. Other similarities follow from the couple's discovery of and decision to keep the baby, such as finding and illicitly concealing the dead adult accompanying the baby (Similarity 8); deliberating about the moral dimensions of their choice (Similarities 14, 15); feeling anxiety that their deception will be revealed or punished (Similarities 17, 18); and ordinary experiences attendant to parenting (Similarity 13).

Nobile's framing of some similarities suggests that they might reflect shared expression, but, when differences between the cited portions of the Screenplay and Novel are stripped away, only scènes à faire remain. While the husband in each work naturally reacts with some surprise to the sight of his wife nursing the newly found baby (Similarity 12), the similarity ends there: the husband in the Novel is alarmed by that indication that his wife is becoming attached to a baby whom, he believes at the time, they would give to the authorities, whereas the husband in the Screenplay is excited by the sight and inspired to keep the baby. Likewise, while the husband in each work, having secretly buried the dead adult found on the boat, would naturally be a suspect in the adult's disappearance (Similarity 9), only the husband in the Novel is arrested, and the course of events that leads to the couple's loss of the baby is entirely different in each work.

The two instances of literal similarity that Nobile identifies are *de minimis*. *See Warner Bros v. Am. Broadcasting Cos.*, 720 F.2d 231, 242 (2d Cir. 1983) ("[A] *de minimis* rule has been applied, allowing the literal copying of a small and usually insignificant portion of the plaintiff's work."). They consist of four-word snippets of dialogue—"I hate this place" (Similarity 6) and "just you and [I/me]" (Similarity 7)—that are far from unique. Moreover, examining the context in which each phrase appears demonstrates that the first phrase has a different meaning in the two works, while the second naturally follows from the circumstances in which it was said. In a similar vein, the brief exchange in each work in which a stranger compares the baby's nose to one parent's nose (Similarity 16) reflects a *de minimis* similarity that does not, on its own, give rise to a finding of substantial similarity between the works.

In sum, "extract[ing] the unprotectible elements from our consideration and ask[ing] whether the protectible elements, standing alone, are substantially similar," we conclude that the similarities that Nobile identifies do not establish substantial similarity between the Screenplay

5

and the Novel. *Gaito Architecture*, 602 F.3d at 66 (internal quotation marks omitted).[1] That

conclusion also entails that there is no substantial similarity between the Screenplay and the

Film. Accordingly, we affirm the district court's dismissal of Nobile's copyright claims.

After dismissing Nobile's complaint, the district court awarded attorney's fees under

§ 505 of the Copyright Act, which authorizes "award[ing] a reasonable attorney's fee to the

prevailing party." 17 U.S.C. § 505. "The standard of review of an award of attorney's fees is

highly deferential to the district court." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102

(2d Cir. 1999). "What constitutes a reasonable fee is properly committed to the sound discretion

of the district court and will not be overturned absent an abuse of discretion, such as a mistake of

law or a clearly erroneous factual finding." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47

(2d Cir. 2000) (citation omitted).

Nobile asserts that the fee awards were unwarranted in this case, but none of his

arguments to this effect is persuasive. First, we find no error in the district court's conclusion that

Nobile's claims were objectively unreasonable, and his failure to cite on appeal any meritorious

copyright claims remotely resembling his own bolsters that conclusion. Second, the district court

explicitly accounted for considerations other than objective unreasonableness, namely

compensation and deterrence, in accordance with the Supreme Court's guidance in *Kirtsaeng v.*

*John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988–89 (2016). Third, we find no merit in Nobile's

argument that a fee award can only further the objective of deterrence if the district court's

---

[1]  Given this conclusion, and because Nobile does not contend that the Screenplay and the Novel share a similar total concept and feel, we need not adjudicate the parties' dispute as to whether similarity as to the "total concept and feel" of the allegedly infringing work is a necessary, or merely sufficient, condition for substantial similarity in a case such as this one.

explanation of its decision on the merits was comprehensive, and, even if that were the standard, the district court's opinion would meet it.

Nobile's contention that the amount of fees awarded was unreasonable is no more successful. We see no reason to disturb the district court's finding that the fees incurred on behalf of the Novel Defendants were reasonable. Likewise, we find no support for Nobile's contention that the Film Defendants' decision to incorporate by reference the substantive arguments in the Novel Defendants' motion to dismiss rendered all fees expended in the defense of the Film Defendants unreasonable, and we conclude that the district court's 15% discount from the fees incurred by those defendants produced a reasonable fee award. Thus, we also affirm the district court's award of attorney's fees.

We have considered all of Nobile's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7